

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

~~XXIOTHECRECOCHOGECPROCHIKX~~

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Dan W. Jackson
District Attorney
Houston, Texas

Attention: Mr. W. K. Richardson

Dear Sir:

Opinion No. O-5380
Re: May stenographers and pharmacists
be employed any number of hours de-
sired in any town or city regard-
less of population?

This will acknowledge receipt of your letter of recent date re-
questing our opinion on the above stated question in regard to Articles
5168 and 5172 of the Revised Civil Statutes of Texas.

Articles 5168 and 5172, inclusive, and Articles 1569 to 1572,
inclusive of the Penal Code, were specifically repealed by Senate Bill No.
129, Regular Session, Texas 48th Legislature, effective March 18, 1943,
in order to permit making full use of our maximum manpower.

Although the articles referred to above were repealed, many of the
provisions contained therein were incorporated in said Senate Bill 129. In
fact, sections 1 to 5, inclusive, and section 13 of the new Act comprise
practically the same language as was embraced in the repealed articles. We
will answer your submitted question with reference to the provisions of
this bill.

Sections 1 and 5 of Senate Bill 129 provide respectively as fol-
lows:

"No female shall be employed in any factory, mine, mill, workshop, mechan-
ical or mercantile establishment, hotel, restaurant, rooming house, theater,
moving picture show, barber shop, beauty shop, read side drink and/or food
vending establishment, telegraph, telephone or other office, express or
transportation company, or any State institution, or any other establish-
ment, institution or enterprise where females are employed, for more than
nine (9) hours in any one calendar day, nor more than fifty-four (54 )
houes in any one calendar week."

"The four preceding Sections shall not apply to stenographers and pharma-
cists, nor to mercantile establishments, nor telephone and telegraph com-
panies in rural districts, and in cities or towns or villages of less than
three thousand (3,000) inhabitants as shown by the last preceding Federal
Census, nor to superintendents, matrons and nurses and attendants employed

by, in, and about such orphans' homes as are charitable institutions not run for profit, and not operated by the State. In case of extraordinary emergencies, such as great public calamities, or where it becomes necessary for the protection of human life or property, longer hours may be worked; but for such time not less than double time shall be paid such female with her consent."

We quote in part from our Opinion No. O-1723, previously rendered by this department, in which the identical question was raised by your request was answered:

"Article 1571 of the Penal Code, as amended by the First Called Session of the 41st Legislature, reads:

"'The two preceding Articles shall not apply to stenographers and pharmacists, nor to mercantile establishments or telegraph or telephone companies in rural districts and in cities or towns or villages of less than three thousand inhabitants, as shown by the preceding Federal Census, nor to superintendents, matrons, nurses and attendants employed by, in and about such Orphans' Homes as are charitable institutions, nor run for profit, and not operated by the State. In cases of extraordinary emergencies, such as great public calamities or where it becomes necessary for the protection of human life or property, longer hours may be worked.'

"Thus it appears from Article 1571, supra, that it was the intention of the Legislature that stenographers and pharmacists be exempted from the protection of Article 1569, supra, regardless of the population of the town or city in which they might be employed."

The exceptions listed in the article construed in the above opinion are the same as those included in Section 5 of Senate Bill 129. We re-affirm our opinion as expressed by the quoted portion thereof, in so far as it applies to Senate Bill 129.

It is, therefore, the opinion of this department that stenographers and pharmacists are exempted from the application of Sections 1, 2 and 3 of Senate Bill 129, Texas 48th Legislature, regardless of the population of the town or city in which they might be employed.

APPOVED JUL 23, 1946
/s/ GROVER SELLERS
FIRST ASSISTANT
ATTORNEY GENERAL

ROK:db:egw

Approved: Opinion Committee
By B W B Chairman

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/ Fred C. Chandler

Fred C. Chandler
Assisant
By /s/ Robert O. Koch
Robert O. Koch